UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHILIP BAZILE, individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>- against –<br><br>ASSET PROTECTION GROUP LLC d/b/a APG SECURITY SERVICES & STERLING INVESTIGATIVE SERVICES and/or any other entities affiliated with or controlled by ASSET PROTECTION GROUP LLC d/b/a APG SECURITY SERVICES & STERLING INVESTIGATIVE SERVICES,<br><br>Defendant. | **COMPLAINT**<br><br>**Jury Trial Demanded**<br><br><br>Docket No: 18-cv-6820 |

The Named Plaintiff, by his attorneys, Virginia & Ambinder, LLP, alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 206, 207 and 216(b), New York Labor Law ("NYLL") Article 6 §§ 190 *et seq.*, 191, 193, 195, 198 Article 19 §§ 650, 651, 663, and 12 New York Codes, Rules, and Regulations ("NYCRR") §§ 142-2.1, 142-2.2, 142-2.4, 142-2.5, 142-2.10 to recover unpaid wages, minimum wages, overtime compensation, spread of hours compensation, and uniform maintenance pay owed to PHILIP BAZILE ("Named Plaintiff"), and all similarly situated persons who were formerly or are presently employed by ASSET PROTECTION GROUP LLC d/b/a APG SECURITY SERVICES & STERLING INVESTIGATIVE SERVICES ("Defendant").

2. At all times relevant to this litigation, Defendant has engaged in a policy and practice of not paying Named Plaintiff and members of the putative class and collective for all

hours worked, and thus, withholding wages earned by Named Plaintiff and members of the putative class and collective.

3. As a result of this policy, practice and procedure, Defendant has failed to properly compensate Named Plaintiff and members of the putative class and collective for earned wages, minimum wages and overtime compensation.

4. At all times relevant to this litigation, Defendant engaged in a policy and practice of failing to provide spread of hours compensation when the Named Plaintiff and members of the putative class worked in excess of 10 hours in a day or a split shift.

5. At all times relevant to this litigation, Defendant engaged in a policy and practice of failing to provide uniform maintenance allowance required under 12 NYCRR 142-2.5(c) for the laundering and maintenance of their required uniforms.

6. At all times relevant to this litigation, Defendant has engaged in a policy and practice of failing to provide the Named Plaintiff and members of the putative class required wage notices and wage statements that comply with New York Labor Law §§ 195 and 198.

7. The Named Plaintiff has initiated this action on his own behalf, and on behalf of all similarly situated employees, seeking unpaid wages and benefits that he and all similarly situated employees were deprived of, plus interest, liquidated damages, attorneys' fees and costs.

## JURISDICTION

8. Jurisdiction of this Court is invoked pursuant to the FLSA, 29 U.S.C. §§ 207 and 216(b) and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction over all New York State Law claims pursuant to 28 U.S.C. § 1367.

9. The statute of limitations under the FLSA for willful violations is three (3) years. *See* 29 U.S.C. § 255(a).

10. The statute of limitations under the NYLL is six (6) years. *See* New York Labor Law § 198(3).

## VENUE

11. Venue for this action in the Eastern District of New York is appropriate under 28 U.S.C. § 1391(b)(2) as this action is brought in a judicial district where a substantial part of the events give rise to the claim.

## THE PARTIES

12. Named Plaintiff PHILIP BAZILE resides in the State of New York and was employed by Defendant from approximately October 2018 to the present as a security guard.

13. Defendant ASSET PROTECTION GROUP LLC d/b/a APG SECURITY SERVICES & STERLING INVESTIGATIVE SERVICES, is a foreign limited liability company incorporated under the laws of the State of New Jersey with its principal place of business at 116 North Broadway, 2nd Floor, South Amboy, New Jersey 08879.

14. Defendant also operates under the name APG Security.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

15. This action is properly maintainable as a collective action pursuant to the FLSA 29 U.S.C. § 216(b) and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

16. Named Plaintiff's collective claims arising under federal law are brought on behalf of himself and a collective consisting of individuals who currently or formerly worked for Defendant as security guards for the period of three years prior to the filing of a consent to join form ("FLSA Collective" or "putative collective").

17. Named Plaintiff's class claims arising under New York State law are brought on behalf of himself and a class consisting of individuals who currently or formerly worked for

Defendant as security guards within the state of New York from November 29, 2012 through the date of trial ("Rule 23 Class" or "putative class").

18. Named Plaintiff and members of the putative class and collective are all victims of the Defendant's common policy and/or plan to violate the FLSA and NYLL by failing to pay its security guards for all hours worked, including overtime hours, pursuant to the FLSA and NYLL.

19. Defendant's policy and practice of failing to pay its security guards for all hours worked has resulted in Named Plaintiff and members of the putative class and collective not earning minimum wage under FLSA and NYLL.

20. Named Plaintiff and members of the putative class are all victims of the Defendant's common policy and/or plan to violate the NYLL by failing to provide wages, spread of hours compensation, uniform maintenance allowance, and wage notices and wage statements, pursuant to NYLL §§ 191, 193, 195, and 198.

21. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of forty (40) employees.

22. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether the Defendant failed to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week; (2) whether Defendant paid Named Plaintiff and putative class members for all hours worked; (3) whether Defendant paid Named Plaintiff and putative class members minimum wage under NYLL; (4) whether Defendant failed to pay Named Plaintiff and members of the putative class "spread of hours" compensation; (5) whether Defendant failed to pay uniform maintenance

allowance to its employees; and (6) whether the Defendant failed to provide wage notices and wage statements.

23. The claims of the Named Plaintiff are typical of the claims of the putative class members. The Named Plaintiff, like all members of the putative class, was subject to Defendant's policies and willful practice of refusing to pay employees for all hours worked, minimum wages, overtime compensation, spread of hours compensation, uniform maintenance allowance, and failing provide wage notices and wage statements. The Plaintiff and putative class members have thus sustained similar injuries as a result of the Defendant's actions.

24. Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. Named Plaintiff has retained counsel experienced in complex wage and hour class and collective action litigation.

25. A class action is superior to other available methods for the fair and efficient adjudication of this controversy over unpaid wages. A class action will prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

## **FACTS**

26. Named Plaintiff Philip Bazile has employed by Defendant as a security guard from approximately October 2018 to the present.

27. Named Plaintiff's regular rate of pay is $13.00 per hour.

28. Defendant requires Named Plaintiff to wear a uniform, including a shirt, sweater, and windbreaker jacket that would not normally be worn as part of Named Plaintiff's wardrobe.

29. Defendant did not launder or otherwise clean Named Plaintiff's uniform.

30. Like Named Plaintiff, members of the putative class were also required to wear a uniform similar or identical to the one required by Named Plaintiff's and Defendant did not launder or otherwise clean these uniforms.

31. During his employment, Named Plaintiff worked in excess of 40 hours in a week.

32. For instance, during the pay period of October 1, 2018 to October 7, 2018, Named Plaintiff worked the following hours:

   a. October 1: 12:00 a.m. to 8:00 a.m.

   b. October 4: 9:00 a.m. to 4:00 p.m. and then 5:00 p.m. to 11:00 p.m.

   c. October 6: 9:00 a.m. to 12:00 a.m.

   d. October 7: 4:00 p.m. to 12:00 a.m.

33. For the pay period of October 1-7, Named Plaintiff worked 45 hours.

34. For the pay period of October 1-7, Named Plaintiff received two checks. One for 30 hours at his regular rate of pay of $13.00 per hour and a second for five hours at his overtime rate of pay of $19.50 per hour.

35. For the pay period of October 1-7, Named Plaintiff did not receive any additional compensation for working more than 10 hours on October 4 and 6.

36. For the pay period of October 1-7, Named Plaintiff did not receive any additional pay for the laundering and maintenance of his uniform.

37. In another example, during the week of October 8-14, Named Plaintiff worked the following hours:

   a. October 8: 12:00 a.m. to 8:00 a.m.

   b. October 11: 12:00 a.m. to 4:00 p.m.

   c. October 13: 8:00 a.m. to 12:00 a.m.

  d. October 14: 4:00 p.m. to 12:00 a.m.

 38. For the pay period of October 8-14, Named Plaintiff worked 48 hours.

 39. For the pay period of October 8-14, Named Plaintiff received two checks. Both were for 8 hours at his regular rate of pay of $13.00. Named Plaintiff was paid a gross total of 16 hours of work at $13.00 per hour.

 40. For the pay period of October 8-14, Named Plaintiff did not receive any additional compensation for working more than 10 hours on October 11 and 13.

 41. For the pay period of October 8-14, Named Plaintiff did not receive any additional pay for the laundering and maintenance of his uniform.

 42. Accordingly, Defendant failed to properly pay Named Plaintiff for all hours worked, failed to pay Named Plaintiff at the proper federal and state minimum wages, and failed to pay all overtime compensation Named Plaintiff earned.

 43. During his employment with Defendant, Named Plaintiff was regularly underpaid in the manner described above.

 44. These wage violations are not limited to Named Plaintiff. Defendant maintains a policy and practice of not paying its security guards for all hours worked, which has resulted in widespread minimum wage and overtime violations under both federal and New York State laws.

 45. Like Named Plaintiff, when members of the putative class and collective worked more than 40 hours in a week and were not properly paid overtime compensation at time and a half their regular rates of pay.

 46. Named Plaintiff's co-workers, like Named Plaintiff, also did not receive spread of hours compensation when they worked over 10 hours in a day or a split shift.

47. Named Plaintiff's co-workers, like Named Plaintiff, were required to wear a uniform and did not receive uniform maintenance pay to compensate them for laundering or maintaining their uniforms.

48. When Named Plaintiff started working for Defendant, he was not provided with any notification whatsoever indicating his regular rate or overtime rates of pay.

49. During Named Plaintiff's employment with Defendant, Named Plaintiff has not been provided with wage statements that accurately reflect the hours he worked.

50. Defendant maintains a policy and practice of not providing its security guards in New York with wage statements and wage hiring notifications that are compliant with New York Labor Law § 195.

51. Upon information and belief, Defendant did not provide any security guard in New York with a wage hiring notice.

52. Upon information and belief, the paystubs provided by Defendant to its security guards in New York rarely reflected the number of hours its security guards worked accurately.

53. Upon information and belief, like Named Plaintiff, members of the putative class also were not provided with wage notifications at the time of hire or wage did not receive wage statements or wage notices.

54. Upon information and belief, Defendant's annual gross volume of sales made or business done is not less than $500,000.

55. Upon information and belief, Defendant is engaged in interstate commerce, including handling and working with goods or materials that have been moved in or produced for interstate commerce.

## FIRST CAUSE OF ACTION
## FLSA MINIMUM WAGES

56. Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

57. Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than – (A) $5.85 an hour, beginning on the 60th day after May 25, 2007; (B) $6.55 an hour, beginning 12 months after the 60th day; and (C) $7.25 an hour, beginning 24 months after the 60th day [July 24, 2009]."

58. Defendant is an employer, within the meaning contemplated under 29 U.S.C. §§ 203(d) and 206(a).

59. Named Plaintiff and other members of the Putative Collective are "employees," within the meaning contemplated in the 29 U.S.C. §§ 203(e), (m) and 206(a).

60. Named Plaintiff and other members of the putative collective action were, during all relevant times, engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce.

61. Defendant failed to pay Named Plaintiff and members of the putative collective for all hours worked. This failure to pay has led to minimum wage violations. For instance, during the period of October 8-14 Named Plaintiff's regular rate of pay was $4.33 per hour (16 hours x $13.00 / 48 hours).

62. Upon information and belief, the failure of Defendant to pay Named Plaintiff and other members of the putative collective their rightfully-owed minimum wages was willful.

63. By the foregoing reasons, Defendant is liable to Named Plaintiff and members of the putative collective in an amount to be determined at trial, constituting their full earned minimum wages, liquidated damages in the amount equal to the amount of unpaid minimum wages owed to Named Plaintiff and each opt-in Plaintiff, plus interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## NEW YORK LABOR LAW MINIMUM WAGE

64. Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

65. Title 12 NYCRR § 142-2.1 states that, "(a) [t]he basic minimum hourly rate shall be: (1) $7.15 per hour on and after January 1, 2007; (2) $7.25 per hour on and after July 24, 2009; (3) $8.00 per hour on and after December 31, 2013; (4) $8.75 per hour on and after December 31, 2014; (5) $9.00 per hour on and after December 31, 2015;" (6) "$11.00 per hour on and after December 31, 2016;" and $13.00 per hour on and after December 31, 2017 . . . ."

66. Defendant is an employer, within the meaning of the NYLL §§ 190, 651(6), 652 and supporting New York State Department of Labor Regulations.

67. Named Plaintiff and putative class members are employees, within the meaning of the NYLL §§ 190, 651(5), 652 and supporting New York State Department of Labor Regulations.

68. The minimum wage provisions of Article 19 of the NYLL and supporting New York State Department of Labor Regulations apply to Defendant and protect Named Plaintiff and putative class members.

69. By failing to pay Named Plaintiff and members of the putative class for all hours worked, Defendant failed to properly pay minimum wages.

70. Upon information and belief, Defendant's failure to pay Named Plaintiff and putative class members their lawfully owed minimum wages was willful and not done in good faith.

71. Due to the foregoing violations by Defendant, Named Plaintiff and members of the putative class are entitled to recover from Defendant all damages permitted under the NYLL in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## THIRD CAUSE OF ACTION
## FLSA OVERTIME WAGES

72. Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

73. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

74. Defendant failed to pay Named Plaintiff and members of the putative collective overtime wages at a rate of one and one-half times their regular rates of pay for each hour worked over forty (40) hours in a week.

75. The failure of Defendant to pay Named Plaintiff and members of the putative collective their rightfully owed overtime compensation was willful.

76. By the foregoing reasons, Defendant is liable to Named Plaintiff and members of the putative collective in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
## NEW YORK OVERTIME COMPENSATION LAW

77. Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

78. 12 NYCRR § 142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of 1 1/2 times the employee's regular rate for hours worked in excess of 40 hours in one workweek."

79. Named Plaintiff and members of the putative class worked more than forty (40) hours a week while working for Defendant.

80. Named Plaintiff and members of the putative class did not receive overtime compensation for hours worked after the first forty (40) hours in a week.

81. Upon information and belief, Defendant's failure to pay overtime compensation for work performed by Named Plaintiff and members of the putative class after the first forty hours worked in a week was willful and not in good faith.

82. By the foregoing reasons, Defendant has violated New York Labor Law § 663 and 12 NYCRR § 142-2.2 and is liable to Named Plaintiff and members of the putative class in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

## FIFTH CAUSE OF ACTION
## NEW YORK LABOR LAW "SPREAD OF HOURS"

83. Named Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

84. 12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which" the spread of hours exceeds 10 hours, the employee works a split shift, or both.

85. Named Plaintiff and members of the putative class worked more than 10 hours in a day.

86. At all times relevant to this action, Defendant failed to pay the "spread of hours" premium required by 12 NYCRR § 142-2.4 when Named Plaintiff and members of the putative class worked more than 10 hours in a day or a split shift. Upon information and belief, this was Defendant's policy and practice.

87. Defendant's failure to pay spread of hours compensation for work performed by Plaintiffs after 10 hours in day was willful and not in good faith.

88. By the foregoing reasons, Defendant has violated 12 NYCRR § 142-2.4 and is liable to Plaintiff in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

## SIXTH CAUSE OF ACTION
## NEW YORK FAILURE TO PAY WAGES

89. Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

90. Pursuant to Article 6 of the NYLL, works, such as Named Plaintiff and members of the putative class, are protected from wage underpayments and improper employment practices.

91. Pursuant to NYLL § 190, the term "employee" means "any person employed for hire by an employer in any employment."

92. As persons employed for hire by Defendant, Named Plaintiff and members of the putative class are "employees," as understood in NYLL § 190.

93. Pursuant to NYLL § 190, the term "employer" includes "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

94. Defendant is an "employer" within the meaning of the NYLL and accompanying regulations.

95. The Named Plaintiff's and members of the putative class' agreed upon wage rates and/or overtime compensation rates constitute "wages" within the meaning of NYLL § 190, 191.

96. Pursuant to NYLL § 191 and the cases interpreting the same, workers, such as Named Plaintiff and members of the putative class, are entitled to be paid all their week wages "not later than seven days after the end of the week in which the wages are earned."

97. In failing to pay the Named Plaintiff and members of the putative class their agreed upon wage rate for each hour worked, Defendant violated the NYLL §§ 190, 191, and 198.

98. Pursuant to NYLL § 193, "[n]o employer shall make any deduction from the wages of an employee," such as Named Plaintiff and members of the putative class, that is not otherwise authorized by law or by the employee.

99. 12 NYCRR § 142-2.10 likewise provides that "[w]ages shall be subject to no deductions, except for allowances authorized in this Part, and except for deductions authorized or required by law, such as for social security and income tax."

100. By withholding wages, including overtime payment for time worked over forty (40) hours in any given week, and not paying them for all hours worked, Defendant made unlawful deductions in wages owed to Named Plaintiff and members of the putative class.

101. Upon information and belief, Defendant's failure to pay Named Plaintiff and members of the putative class for all wages earned was willful and not in good faith.

102. By the foregoing reasons, Defendant has violated NYLL § 190, *et seq*. and 12 NYCRR 142-2.10 and are liable to Named Plaintiff and members of the putative class in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

## SEVENTH CAUSE OF ACTION
## FAILURE TO PAY ADDITIONAL AMOUNTS FOR LAUNDERING REQUIRED UNIFORMS

103. Named Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

104. The NYLL and regulations promulgated thereunder, 12 NYCRR § 142-2.5, provide that where an employer does not launder or maintain required uniforms for any employee, the employer shall pay the employee, in addition to the employee's agreed rate of pay, uniform maintenance pay at the weekly rate set forth in the § 142-2.5(c).

105. Defendant required Named Plaintiff and members of the putative class to wear a uniform during the performance of their employment duties.

106. Defendant did not launder or maintain its employees' uniforms.

107. Defendant failed to compensate Named Plaintiff or members of the putative class, who were paid at or below the minimum wage rate, the additional required uniform maintenance pay required by 12 NYCRR § 142-2.5(c).

108. Defendant's failure to comply with NYLL was willful and not in good faith.

109. Due to Defendant's violations of the NYLL, Named Plaintiff and members of the putative class are entitled to recover from Defendant the additional sums due to them for laundering of required uniforms, plus liquidated damages, interest, attorneys' fees and costs.

## EIGHTH CAUSE OF ACTION
## NEW YORK § 195(1) WAGE NOTICE VIOLATION

110. Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

111. Pursuant to Section 195(1) of the NYLL, an employer is required to provide its employees at the time of hiring a notice containing information, such as, "the rate or rates of pay

and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; . . . the regular pay day designated by the employer . . .; [and] the name of the employer . . . . For all employees who are not exempt from overtime compensation . . ., the notice must sate the regular hourly rate and overtime rate of pay."

112. Pursuant to Section 198-1(b) of the NYLL, an employee that does not receive a wage notification, as required by NYLL § 195(1), may bring a civil action to recover damages of $250 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

113. Defendant did not provide Named Plaintiff or members of the putative class with a wage notification when they started working for Defendant informing them of, among other things, (1) their regular rates of pay, (2) their overtime rates of pay, (3) the basis of their rates of pay (e.g., whether they were hourly employees), or (4) the regular pay day designated by Defendant.

114. Defendant violated NYLL § 195(1) by failing to provide Named Plaintiff and members of the putative class with wage notifications containing the information required by NYLL § 195, *et seq.*

115. The failure of Defendant to provide Named Plaintiff and members of the putative class with wage notifications in violation of NYLL § 195 was willful and not in good faith.

116. By the foregoing reasons, Defendant is liable to Named Plaintiff and members of the putative class the statutory amounts, plus attorney's fees, costs, and any other damages permitted under the NYLL.

### NINTH CAUSE OF ACTION
### NEW YORK § 195(3) WAGE STATEMENT VIOLATION

117. Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

118. Pursuant to Section 195(3) of the New York Labor Law, an employer is required to furnish each employee with a statement with every payment of wages that identifies, among other things, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or in another manner. For employees that are not exempt from overtime compensation under New York state law or regulation, such wage statement must also include "the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

119. Pursuant to Section 198-1(d) of the New York Labor Law, an employee that does not receive a wage statement, as required by NYLL § 195(3), may bring a civil action to recover damages of $50 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

120. Named Plaintiff and members of the putative class did not receive accurate wage statements from the Defendant. Defendant's wage statements did not accurately reflect the hours worked by Named Plaintiff and members of the putative class.

121. The failure of Defendant to provide Named Plaintiff and members of the putative class with complete and accurate wage statements in violation of NYLL § 195 was willful and not in good faith.

122. By the foregoing reasons, Defendant is liable to Named Plaintiff and members of the putative class and collective the statutory amounts, plus attorney's fees, costs, and any other damages permitted under the NYLL.

**WHEREFORE**, Named Plaintiff, for himself and on behalf of the putative class and collective, demand judgment:

1. on their first cause of action against Defendant, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

2. on their second cause of action against Defendant, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

3. on their third cause of action against Defendant, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

4. on their fourth cause of action against Defendant, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

5. on their fifth cause of action against Defendant, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

6. on their sixth cause of action against Defendant, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

7. on their seventh cause of action against Defendant, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

8. on their eighth cause of action against Defendant, Named Plaintiff and members of the putative class seek statutory penalties allowed under NYLL plus attorneys' fees and costs;

9. on their ninth cause of action against Defendant, Named Plaintiff and members of the putative class seek statutory penalties allowed under NYLL plus attorneys' fees and costs; and

10. any other relief the Court may deem just and proper.

Dated: New York, New York
November 30, 2018

VIRGINIA & AMBINDER, LLP

By: __/s/_____

Lloyd Ambinder, Esq.
Jack Newhouse, Esq.

40 Broad Street, 7th Floor
New York, New York 10004
Tel:   (212) 943-9080
Fax:   (212) 943-9082

*Attorneys for the Named Plaintiff
and putative class and collective*