UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PHILIP BAZILE, individually and on behalf of all
other persons similarly situated,

                                Plaintiffs,

        -against-

ASSET PROTECTION GROUP LLC d/b/a APG
SECURITY SERVICES & STERLING
INVESTIGATIVE SERVICES and/or any other
entities affiliated with or controlled by ASSET
PROTECTION GROUP LLC d/b/a APG
SECURITY SERVICES & STERLING
INVESTIGATIVE SERVICES,

                                Defendants.
----------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
18-CV-6820-DLI-SJB

**BULSARA, United States Magistrate Judge:**

       The parties have settled this wage-and-hour action through two contemporaneously executed settlement agreements: (a) one agreement resolves all claims brought pursuant to the Fair Labor Standards Act ("FLSA"), and has been publicly filed; and (b) a second agreement that resolves the New York Labor Law ("NYLL") claims, and has not been filed publicly. The parties have filed a motion seeking permission to proceed in this bifurcated manner and argue that doing so is consistent with the review process for FLSA settlements outlined in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (Joint Suppl. Mot. for Settlement dated July 10, 2019 ("Suppl. Mot."), Dkt. No. 26 at 2). They contend that under *Cheeks*, private parties are only required to have the Court approve FLSA portions of a settlement and may shield—both from the Court and the public docket—the settlement provisions resolving the NYLL claims. The Court respectfully recommends that the motions be denied.

Plaintiff Philip Bazile ("Bazile") commenced this action, alleging failures by Defendants to pay minimum wage and overtime in violation of FLSA and NYLL, as well as failures to provide wages, spread of hours compensation, uniform maintenance allowance, and wage notices and statements pursuant to NYLL. (Compl. dated Nov. 30, 2018, Dkt. No. 1 ¶¶ 1, 18—20). The facts supporting the alleged minimum and overtime wage violations of FLSA and NYLL are the same: Defendants allegedly failed to pay Bazile the required wage for a time period in early October 2018. (*Id*. ¶¶ 32–35, 37—40, 42).

On March 28, 2019, the parties notified the Court that they reached a settlement after participating in mediation. (Joint Mot. to Adjourn Conference & Notify Court of Settlement in Principal dated Mar. 28, 2019, Dkt. No. 20 at 1). A motion for approval of their settlement under *Cheeks* was filed a month later. (Pl.'s Letter Mot. for Settlement dated Apr. 26, 2019, Dkt. No. 22). A hearing was held on the motion on June 12, 2019. (Minute Order dated June 12, 2019). Thereafter, the parties submitted supplemental papers in further support of Bazile's counsel's request for attorney's fees and the parties' efforts to bifurcate the settlement of the FLSA and NYLL claims. (Suppl. Mot. at 2, 4). The parties filed the NYLL settlement under seal while the Court evaluated the propriety of bifurcation. (Order dated July 31, 2019). On October 10, 2019, the Honorable Dora L. Irizarry referred the motion for settlement approval and the attendant requests, including to proceed in a bifurcated manner, to the undersigned. (Order Referring Mot. dated Oct. 10, 2019).

The parties provide little explanation why such bifurcation is appropriate, mechanically citing cases where courts appear to have approved such bifurcation without considering the propriety of doing so. Although they provide no such

explanation, presumably they believe that *Cheeks* only addressed whether fairness review is required for a FLSA settlement, not for a NYLL claim.

Some legal context is appropriate. A federal court generally lacks the authority to review the terms on which parties settle a civil case. The parties have the ability to settle a dispute privately and file a stipulation of dismissal pursuant to Rule 41(a) ("Voluntary Dismissal"). That is, the parties "may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). Such a dismissal is effective by the filing of the document; the Court has no involvement and need not approve it. *See Torres v. Walker*, 356 F.3d 238, 243 (2d Cir. 2004) ("The stipulation of dismissal was entered pursuant to Fed. R. Civ. P. 41(a)(1)[A](ii), and thus did not even require the approval of the District Court."); *Gao v. Perfect Team Corp.*, 249 F. Supp. 3d 636, 638 (E.D.N.Y. 2017) ("In most circumstances, under Rule 41(a)(1)(A)(ii), litigants do not need a court order to dismiss, with the consent of all parties, a plaintiff's claims against all or some defendants."); *see also De Leon v. Marcos*, 659 F.3d 1276, 1283 (10th Cir. 2011) ("A stipulation of dismissal filed under Rule 41(a)(1)(A)(i) or (ii) is self-executing and immediately strips the district court of jurisdiction over the merits.").

There are exceptions, and those are the circumstances where Court involvement is necessary. Rule 41 is subject to, among other rules, Rule 23, and therefore, parties cannot privately settle a class action once a class has been certified. Fed. R. Civ. P. 23(e); 41(a)(1)(A). Such a class action settlement requires court approval. *See Frank v. Gaos*, 139 S. Ct. 1041, 1046 (2019) ("In ordinary non-class litigation, parties are free to settle their disputes on their own terms, and plaintiffs may voluntarily dismiss their claims without a court order. Fed. Rule Civ. Proc. 41(a)(1)(A). By contrast, in a class

3

action, the 'claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval.' Fed. Rule Civ. Proc. 23(e).").

A Rule 41(a) stipulation of dismissal is also subject to "any applicable federal statute," that may preclude private dismissal without court review. In *Cheeks*, the Second Circuit concluded that FLSA was an "applicable federal statute." 796 F.3d at 206 ("We conclude that . . . in light of the unique policy considerations underlying the FLSA, . . . the FLSA [is] within Rule 41's 'applicable federal statute' exception."). As such, parties cannot privately stipulate to dismiss a FLSA action; Court approval is required. As a result of *Cheeks*, district courts are required to review and approve the terms on which parties agree to dismiss a FLSA action—to pass muster, a court must be persuaded that the plaintiff is not dismissing the action on terms that are unfair. *Hernandez v. Boucherie LLC*, No. 18-CV-7887, 2019 WL 3765750, at *2 (S.D.N.Y. Aug. 8, 2019) ("Following *Cheeks*, district courts in this Circuit have uniformly held that they are required to scrutinize a settlement agreement to determine that the settlement is fair and reasonable before plaintiffs can be permitted to dismiss FLSA claims with prejudice.") (collecting cases).

There is an important facet to Rule 41 not discussed in *Cheeks* but nonetheless inherent in the Rule itself. Rule 41 dismissals apply to *actions*, not claims. *See* Fed. R. Civ. P. 41 ("Dismissal of Actions"). Rule 41 may not be used to dismiss a single claim. *Hargrave v. Oki Nursery, Inc.*, 646 F.2d 716, 719 (2d Cir. 1980) ("The word 'action' has been commonly understood to denote not merely a 'claim' or 'cause of action' but 'the entire controversy,' and is so used in the Federal Rules of Civil Procedure."); *Harvey Aluminum, Inc. v. Am. Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir. 1953) ("Rule 41(a)(1)

provides for the voluntary dismissal of an 'action' not a 'claim'; the word 'action' as used in the Rules denotes the entire controversy, whereas 'claim' refers to what has traditionally been termed 'cause of action.'"); *see also Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2018) ("There is no mention in the Rule of the option to stipulate dismissal of a portion of a plaintiff's lawsuit—*e.g.*, a particular *claim*—while leaving a different part of the lawsuit pending before the trial court."); *e.g.*, *Chase Fed. Bank v. Am. Bankers Ins. Co.*, No. 88-CV-501, 1992 U.S. Dist. LEXIS 7552, at *5 (E.D.N.C. Jan. 23, 1992) ("Federal Rule of Civil Procedure 41(a) refers to the voluntary dismissal of the *entire* action, not to the dismissal of fewer than all of the claims.")

The parties' bifurcated proposal contemplates that the Court review the FLSA settlement, ignore the NYLL settlement, and approve a stipulation of dismissal of both NYLL and FLSA claims. Therefore, the parties would have the Court review only the FLSA settlement, to the ignorance of the NYLL claims. This position is untenable.

It is impossible to conduct a Cheeks review and review the fairness of the FLSA settlement without knowing the terms of the NYLL settlement. For example, under *Cheeks*, a general release by the plaintiff of all claims—as opposed to only wage-and-hour claims—is indicative of potential overreaching by the employer. 796 F.3d at 206 (including as a factor potentially indicative of abuse "an overbroad release that would waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues" (quotations omitted)). And the presence of a general release is a basis to reject a FLSA settlement. *See, e.g.*, *Aguilar v. N & A Prods. Inc.*, No. 19-CV-1703, 2019 WL 5449061, at *3 (S.D.N.Y. Oct. 24, 2019) ("By failing to limit the release provision to the wage-and-hour claims at issue in this action, the Agreement improperly 'confers an uncompensated,

unevaluated, and unfair benefit on the employer and is inequitable and unfair.' Accordingly, the release provision is far too broad to survive this Court's scrutiny." (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)); *McCall v. Brosnan Risk Consultants, Ltd.*, No. 14-CV-2520, 2016 WL 4076567, at *2 (E.D.N.Y. Apr. 15, 2016) (rejecting motion for approval of proposed settlement in part because it contained "an overbroad release of claims that [was] not limited to matters addressed in this action," and noting that "District Courts in this Circuit have declined to approve FLSA agreements containing releases that are far too sweeping to be fair and reasonable" (quotations omitted)). A plaintiff who executes a FLSA settlement containing a limited release, while simultaneously executing a NYLL settlement containing a general release, has not in fact received a limited release. The same analysis could be applied to attorney's fees: the conclusion that a plaintiff's attorney has not fleeced his client on FLSA wages is undermined if the plaintiff simultaneously settles his state law wage-and-hour lawsuit by giving his attorney the lion's share of the recovery. And while a Court may not need to review a Title VII settlement executed contemporaneously with a FLSA settlement—an issue not raised by this case—the same cannot be said for two settlements based on wage-and-hour claims. Having brought a single action containing both NYLL and FLSA claims, and now seeking a stipulated Rule 41 dismissal of both NYLL and FLSA claims, the parties subject the entire settlement terms for all the claims to Court scrutiny.

In response to the Court's request that the parties identify the basis for permitting shielding a contemporaneously executed NYLL settlement from *Cheeks* review, they submitted a letter on July 10, 2019. The letter cites to seven cases that the parties claim "permit[] [a] bifurcated settlement structure in FLSA and NYLL cases."

6

(Suppl. Mot. at 2). None of these citations is helpful or instructive to understanding the basis for permitting bifurcation. Many of the cases are simply orders where the Court has noted, in passing, the existence of a bifurcated resolution and said nothing else. *E.g.*, *Abrar v. 7-Eleven, Inc.*, No. 14-CV-6315, 2016 WL 1465360, at *1 (E.D.N.Y. Apr. 14, 2016)[1]; *Simono v. Gemco Realty II, LLC*, No. 16-CV-5385, slip op. at 2 (S.D.N.Y. Oct. 23, 2017) (acknowledging a separate, non-public agreement that resolved FLSA and NYLL retaliation and NYLL overtime claims, but only analyzing the propriety of bifurcating the FLSA retaliation claim and the FLSA wage-and-hour claims, not of NYLL and FLSA claims). Others are cases involving bifurcation between FLSA claims and non-wage-and-hour claims, such as unlawful discrimination claims. *See, e.g.*, *Chowdhury v. Brioni Am., Inc.*, No. 16-CV-344, 2017 WL 5953171, at *5 (S.D.N.Y. Nov. 29, 2017) ("Plaintiffs' discrimination claims, unlike their FLSA claims, do not require judicial approval."); *Santos v. Yellowstone Props.*, No. 15-CV-3986, 2016 U.S. Dist. LEXIS 61994, at *8–9 (S.D.N.Y. May 10, 2016) ("While Santos's private agreement with defendants resolving his discrimination claims (which does not require this Court's

---

[1] Contrary to Plaintiff's presentation, the plaintiff in *Abrar* retained the right to pursue both FLSA and NYLL claims against his "undisputed primary employer," Def.'s Letter Regarding Settlement Procedures at 2, *Abrar*, No. 14-CV-6315 (E.D.N.Y. Oct. 16, 2015), Dkt. No. 36, with whom he ultimately settled in a combined FLSA-NYLL settlement agreement filed for court review on the public docket, Settlement Agreement & Release at 4, *Abrar*, No. 14-CV-6315 (E.D.N.Y. Feb. 1, 2017), Dkt. No. 48. And the court in *Yunda v. SAFI-G, Inc.*, only cited *Abrar*, 2016 WL 1465460, at *1, in support for its bifurcation decision. *See* No. 15-CV-8861, 2017 U.S. Dist. LEXIS 65088, at *4 (S.D.N.Y. Apr. 28, 2017) (approving a bifurcated settlement structure with separate FLSA and NYLL settlement agreements). Similarly, in *Ortiz v. Breadroll, LLC*, No. 16-CV-7998, 2017 WL 2079787 (S.D.N.Y. May 15, 2017), the FLSA and NYLL claims were resolved by a single public settlement agreement, Settlement Agreement & General Release at 1, *Ortiz*, No. 16-CV-7998 (S.D.N.Y. June 2, 2017), Dkt. No. 44). These cases, therefore, do not advance the positions advocated by the parties.

approval) does contain a general release, that release is appropriate in the context of a separate resolution of non-wage-and-hour claims[.]").

Taking the position that the NYLL settlement was not subject to Court review, the parties only provided the Court with a copy of the NYLL settlement under seal after being directed to do so by the Court. (Order dated July 31, 2019; Letter Under Seal Attaching NYLL Settlement Agreement dated Aug. 6, 2019, Dkt No. 27). The Court will not conduct a review of a NYLL settlement that is filed under seal. As Judge Levy explained in rejecting an attempt to seal a FLSA settlement:

> "Although in many—if not most—cases, a settlement agreement would not qualify as a judicial document, settlement agreements in FLSA cases are different because of the requirement for judicial approval. That is, an agreement settling an FLSA claim that is submitted for court approval is indisputably a document that is relevant to the performance of the judicial function and useful in the judicial process, and thus a judicial document subject to the presumption of access."

*Jones v. Smith*, 319 F. Supp. 3d 619, 624 (E.D.N.Y. 2018) (quoting *Wolinksy v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 337 (S.D.N.Y. 2012)) (internal quotation marks omitted); *see also McCall*, 2016 WL 4076567, at *1 ("[S]ettlement agreements in FLSA cases are judicial documents to which a presumption of public access applies." (quotations omitted)). "A 'judicially approved FLSA settlement agreement should not be filed under seal, except in the very limited circumstance where parties can make a substantial showing that their need to seal the agreement outweighs the strong presumption of public access that attaches to such judicial documents.'" *Lopez v. 41-06 Bell Blvd. Bakery LLC*, No. 15-CV-6953, 2016 WL 6156199, at *2 (E.D.N.Y. Oct. 3, 2016) (quoting *Bouzzi v. F & J Pine Restaurant, LLC*, 841 F. Supp. 2d 635, 639 (E.D.N.Y. 2012)), *report and recommendation adopted*, No. 15-CV-6953, 2016 WL 6208481 (Oct. 21, 2016). "Shielding FLSA settlement agreements from the public prevents public

scrutiny that otherwise attends to judicial documents . . . ." *Jones*, 319 F. Supp. 3d. at 624–25 (quotations omitted). The same is true for a NYLL settlement executed contemporaneously to a FLSA settlement: the Court must examine and rely on the NYLL provisions to determine whether the FLSA settlement, and the terms on which this action is to be dismissed, satisfy *Cheeks*. That exercise makes the NYLL settlement a judicial document, to which the presumption of public access attaches. Moreover, in filing the NYLL settlement under seal, the parties have not provided any reason why the strong presumption of access should be ignored.[2]

It is, therefore, recommended that the proposed settlement structure be rejected. *See, e.g.*, *McCall*, 2016 WL 4076567, at *2 ("The Court has reviewed the parties' Proposed Agreement filed under seal. Notwithstanding the parties' failure to file this agreement on the public docket, the Court declines to approve it in its present form. The Proposed Agreement contains a confidentiality provision; however, as previously noted, the parties have failed to make a compelling showing sufficient to overcome the presumption of public access afforded to FLSA settlement agreements."). The parties are free to enter into separate settlements for the NYLL and FLSA claims. However, in reviewing the fairness of the FLSA settlement, the Court must, for the reasons explained, consider the terms of the NYLL settlement in conducting its *Cheeks* fairness review. And because judicial review of the NYLL settlement makes that agreement a

---

[2] For these reasons, the Court declines to follow the approach in *Hotaranu v. Star Nissan Inc.*, advocated by the parties—which rejected a birfurcated approach—but permitted filing and review of the NYLL settlement that was filed under seal. *See Hotaranu v. Star Nissan Inc.*, No. 16-CV-5320, 2018 WL 1136528, at *2 (E.D.N.Y. Feb. 27, 2018); Order Granting Motion for Settlement, *Hotaranu*, No. 16-CV-5320 (E.D.N.Y. June 19, 2019).

judicial document to which a presumption of access attaches, that document must be filed publicly.[3]

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate [judge's] report operates as a waiver of any further judicial review of the magistrate [judge's] decision.").

SO ORDERED.

*/s/ Sanket J. Bulsara* November 27, 2019
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York

---

[3] The Court does not reach, at this point, the question of whether the attorney's fees in the FLSA settlement, which are greater than the plaintiff's recovery, and constitute 54.3% of the gross recovery and 58.5% of the net recovery, would satisfy *Cheeks* review. The Court, however, is doubtful. *See Cheeks*, 796 F.3d at 206 (expressing skepticism of an attorney's fee award between 40% and 43.6% of the total settlement payment); *e.g.*, *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 230 (S.D.N.Y. 2016) ("[Counsel] attempts to salvage his bid for an outsize percentage of his client's recovery by citing to stray authorities, but none supports a 57% attorney's fee here as reasonable, or suggests that such a fee could be sustained under the FLSA (or other statute awarding fees to a prevailing party).").